IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Demitrius Coleman, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:04-cr-00482-TLW-2 <br> C/A No. 4:16-cv-02047-TLW <br><br><br> **Order** |

Petitioner Demitrius Coleman pled guilty to two counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and the Court sentenced him to a total of 384 months incarceration, consisting of 84 months on Count 2 and 300 months consecutive on Count 4. ECF No. 109. Both of his § 924(c) convictions were related to carjackings, in violation of 18 U.S.C. § 2119. In his § 2255 petition, he asserts that carjacking is not a valid § 924(c) predicate conviction in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] *See* ECF No. 160 at 6–7.

The Fourth Circuit has foreclosed Petitioner's argument, holding that "the carjacking statute qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of

---

[1] In a memorandum he filed in support of his petition, he says that he "was convicted of a non-offense over which this court did not have jurisdiction as 924(c) [he presumably meant to say "carjacking"] is not a crime of violence within itself under the force clause at 18: U.S.C. 924(c)(3)(A). Moreover, the residual clause at 924(c)(3)(B) is 'unconstitutionally vague' in light of Johnson." ECF No. 168 at 2.

1

physical force against the person or property of another.'" *United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017) (quoting 18 U.S.C. § 924(c)(3)(A)). Because carjacking qualifies as a crime of violence under § 924(c)(3)(A), Petitioner's petition for relief pursuant to § 2255, ECF No. 160, is **DENIED**.[2] This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.[3]

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 6, 2019
Columbia, South Carolina

---

[2] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, ___ F.3d ___, 2019 WL 311906, at *1 (4th Cir. Jan. 24, 2019) (en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

[3] In light of the Court's ruling, the other outstanding motions in this case, ECF Nos. 166, 167, 169, 170, 173, 175, 182, 183, are **DISMISSED AS MOOT**.